IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK KEVIN ARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-602-DRH |
| ) | |
| ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for his allegedly unlawful conviction and sentence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3).

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff alleges that he is actually innocent of the rape for which he was convicted and sentenced. Specifically, Plaintiff claims that the prosecution withheld evidence that he was innocent. A judgment in Plaintiff's favor in this case would necessarily call into question the validity of his criminal conviction. Because there is no indication that Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, the complaint does not state a cognizable claim under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Furthermore, the State of Illinois is not a "person" for purposes of a § 1983 action. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g). Additionally, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: October 5, 2007**

/s/      DavidRHerndon
**Chief Judge**
**United States District Court**